JUSTICE LEAPHART
dissenting.
I respectfully dissent from the Court’s opinion. In affirming the grant of summary judgment, the Court ignores questions of fact regarding the language in the easement document. The Court examines the granting document’s establishment of “an easement and right of way for the construction, of a Dozer Road .... as long as the same is used as a public highway” but does not further consider the meaning of this grant or whether the property was used as a public highway. Because these questions of fact must be answered in order to resolve issues one and two, summary judgment was improper.
The easement in question was granted to the state for construction of a “Dozer Road.” The Court concludes that “McDonald presented nothing to the District Court to prove that the easement was anything but an easement for a public highway as stated in the granting document.” The granting document states:
Gerald R. Stafford, Frances L. Stafford, Alfred M. Stiff, and Vivian E. Stiff of Bozeman, Montana for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money of the United States to THEM in hand paid by the State of Montana, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the State of Montana, an easement and right of way for the construction, of a Dozer Road, over, across, and the right of entry upon and occupation of lands, and the right to take therefrom such earth, gravel, stones, trees and timber as may be necessary in the construction of said Dozer Road covering and embracing the following described land, to-wit:
TO HAVE AND TO HOLD all of the above described and conveyed property unto the State of Montana, and its successor or successors in interest as long as the same is used as a public highway. [Emphasis added.]
The Court relies upon § 60-4-208, MCA, for the proposition that state highways, once established, must continue until intentionally abandoned or vacated by operation of law. However, the Court fails to recognize that this particular granting document clearly abrogates that statutory rule by providing that the easement exists only so long as the road “is used as a public highway.”
*195 The legal effect of the “Dozer Road” document cannot be determined until two questions of fact are resolved by a jury: 1) what is a “Dozer Road” — is it permanent or temporary in nature? 2) Has the road, in fact, been used as a public highway? If not, then, by the terms of the document, the easement has ceased to exist.
I would reverse the summary judgment and remand for a jury trial on these questions of fact.
JUSTICES TRIEWEILER and GRAY join in the foregoing dissent of JUSTICE LEAPHART.